UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| LAUSTEVEION JOHNSON,            )<br>                                                    )<br>            Plaintiff,                   )<br>                                                    )         3:13-cv-00273-RCJ-VPC<br>        vs.                                       )<br>                                                    )<br>RENEE BAKER et al.,                 )         **ORDER**<br>                                                    )<br>            Defendants.              )<br>                                                    ) | |

This case arises out of Defendants' alleged deliberate indifference to Plaintiff's medical needs in prison, in violation of the Eighth and Fourteenth Amendments. Plaintiff also alleges a due process violation arising out of injuries caused by the alleged deliberate indifference. The Court grants Plaintiff's Motion to Amend (ECF No. 5) and screens the First Amended Complaint ("FAC") herein.

**I.      FACTS AND PROCEDURAL HISTORY**

Plaintiff Lausteveion Johnson is an inmate in the custody of the Nevada Department of Corrections ("NDOC") currently incarcerated at Ely State Prison ("ESP"). (*See* First Am. Compl. 1,

Jun. 20, 2013, ECF No. 5-1). While incarcerated at High Desert State Prison ("HDSP") on January 1, 2012, several guards beat Plaintiff, causing injuries to his back, neck, teeth, and face. (*Id.* 2). Plaintiff has filed a separate lawsuit concerning that incident. (*Id.* at 13). The injuries to Plaintiff's back, however, are lasting; Plaintiff cannot walk without pain, and he often falls due to his pain. (*Id.* 3, 6–7). Defendant Dr. Lee refused Plaintiff a walking cane as unnecessary after examining him on January 30, 2012. (*Id.* 6). On February 1, 2012, Plaintiff was transferred to ESP, and upon exiting the bus, he tripped due to his back pain, knocking himself unconscious. (*Id.* 6–7). This head injury has resulted in recurring migraines, sensitivity to light and sound, and the hearing of loud, angry, violent voices in his head. (*Id.* 7, 9). Defendants continue to deny Plaintiff a cane based upon an ESP policy prohibiting items such as canes that could be used as a weapon. (*See id.* 7).

Plaintiff has sued Dr. Lee, S.L. Foster, HDSP Warden Dwight Neven, HDSP Assistant Warden Cole Morrow, Jon Garner, Dr. Michael Koen, ESP Warden Renee Baker, R. Bannister, FNU Schilson, T. Sandoval, John Keast, Dr. Rivos, G. Carpenter, and Greg Cox in this Court for deliberate indifference under the Eighth and Fourteenth Amendments, and for a Due Process Violation under the Fourteenth Amendment.

## II.     LEGAL STANDARDS

### A.     Screening

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1)–(2). Pro se pleadings, however, must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), a federal court must dismiss a prisoner's claim, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the court applies the same standard under § 1915. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citations omitted).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the complaint may be considered." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir.

3

1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994). Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).

Finally, all or part of a complaint filed by a prisoner may be dismissed sua sponte if the prisoner's claims lack an arguable basis in law or in fact.  This includes claims based on legal conclusions that are untenable, e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist, as well as claims based on fanciful factual allegations, e.g., fantastic or delusional scenarios. *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

**B.     Exhaustion**

"The Prison Litigation Reform Act requires that a prisoner exhaust available administrative remedies before bringing a federal action concerning prison conditions." *Griffin v. Arpaio*, 557 F.3d 1117, 1119 (9th Cir. 2009) (citing 42 U.S.C. § 1997e(a)).  A prison system's own requirements "define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007).  The Nevada Department of Corrections ("NDOC") utilizes a three-stage grievance procedure: an informal grievance, a first level grievance, and a second level grievance. *See* NDOC Admin. Reg. 740 (Inmate Grievance Procedure), *available at* http://www.doc.nv.gov/ar/pdf/AR740.pdf.

Although once within the discretion of the district court, the exhaustion of administrative remedies is now mandatory. *Booth v. C.O. Churner*, 532 U.S. 731 (2001).  Those remedies "need not meet federal standards, nor must they be 'plain, speedy, and effective.'" *Porter v. Nussle*, 534 U.S. 516, 524 (2002) (citing *Booth*, 532 U.S. at 739–40 n.5).  Even when the prisoner seeks remedies not available in the administrative proceedings, notably money damages, exhaustion is still required prior to filing suit. *Booth*, 532 U.S. at 741.  The Supreme Court has strictly construed section 1997e(a). *Id.* at 741 n.6 ("We will not read futility or other exceptions into statutory exhaustion

4

requirements where Congress has provided otherwise.").

The failure to exhaust administrative remedies as required by § 1997e(a) is an affirmative defense, and a defendant bears the burden of raising and proving that the plaintiff has not exhausted. *Jones v. Bock*, 549 U.S. 199, 216 (2007); *Wyatt v. Terhune*, 315 F.3d 1108, 1117 n.9 (9th Cir. 2003), *cert denied*, 540 U.S. 810 (2003). However, if the affirmative defense of non-exhaustion appears on the face of the complaint, a defendant need not provide evidence showing non-exhaustion. *See Jones*, 549 U.S. at 215. Failure to exhaust is treated as a matter in abatement, not going to the merits of the claim, and is properly raised in an unenumerated Rule 12(b) motion. *Wyatt*, 3154 F.3d at 1119. The court may look beyond the pleadings and decide disputed issues of fact without converting the motion into one for summary judgment. *Id.* "[I]f the district court concludes that the prisoner has not exhausted nonjudicial remedies, the proper remedy is dismissal of the claim without prejudice." *Id.* at 1119–20.

For the purposes of screening, the Court will assume all claims have been exhausted. The Court will not more closely examine the issue unless some claims survive screening and Defendants file motions alleging non-exhaustion of the surviving claims.

**III.   ANALYSIS**

The FAC alleges violations of Plaintiff's Eighth and Fourteenth Amendment rights based upon Defendants' alleged denial of a cane and deliberate indifference to Plaintiff's health and safety. The Eighth Amendment applies to "convicted prisoners," such as Plaintiff. *See Whitley v. Albers*, 475 U.S. 312, 318–19 (1986); *Bell v. Wolfish*, 441 U.S. 520, 536 n.16 (1979); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). Where a particular amendment of the Bill of Rights governs a claim, no separate "substantive due process" claim lies. *Graham v. Connor*, 490 U.S. 386, 395 (1989). Therefore, Plaintiff's claims fall purely under the Eighth Amendment, and the second claim under the Due Process Clause will be dismissed, without leave to amend.

Under the Eighth Amendment, prison conditions should not "involve the wanton and unnecessary infliction of pain" or be "grossly disproportionate to the severity of the crime warranting imprisonment." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). Although prison conditions may

5

be, and often are, restrictive and harsh, prison officials "must ensure that inmates receive adequate food, clothing, shelter, and medical care, and must 'take reasonable measures to guarantee the safety of the inmates.'" *Farmer v. Brennan*, 511 U.S. 825, 932 (1994) (quoting *Hudson v. Palmer*, 486 U.S. 517, 526–27 (1984)). Under the deliberate indifference standard, a violation of the Eighth Amendment is only found when both an objective and a subjective component are met. *Id*. First, "the deprivation alleged must be, objectively, sufficiently serious . . . ; a prison official's act or omission must result in the denial of 'the minimal civilized measures of life's necessities.'" *Id*. (citations and quotations omitted). When a plaintiff alleges that prison officials failed to take reasonable steps to protect him, the plaintiff must show that "he is incarcerated under conditions posing a substantial risk of serious harm." *Id*. (citations omitted). Second, the inmate must satisfy a subjective element. This means that the prison official must "know of and disregard an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "Mere negligence is not sufficient to establish liability." *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998). Prison officials may avoid liability if they: (1) were unaware of the risk, or (2) "responded reasonably to the risk, even if the harm ultimately was not averted." *Farmer*, 511 U.S. at 844–45.

Prison officials must be given "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline to maintain institutional security." *Bell v. Wolfish*, 441 U.S. 520, 546–47 (1979); *see also Turner v. Safely*, 482 U.S. 78, 87–91 (1987). Here, Defendants have legitimate, and indeed compelling, penological reasons for denying Plaintiff a cane, i.e., the safety of guards and other inmates. The interest is particularly compelling here, where Defendant admits hearing violent voices in his head. Plaintiff's allegations of deliberate indifference therefore cannot rely purely upon the denial of a cane.

Plaintiff might be able to state a claim for deliberate indifference—both as to damages for his past falls and for prospective injunctive relief—if he can allege that Defendants have refused him

6

pain medication or any reasonable accommodations appropriate to his weakened condition, e.g., handicapped facilities generally or a wheelchair for transport, such that he has been deliberately put in a position where he is likely to fall and further injure himself.  The FAC does not currently contain such allegations, but Plaintiff will be given leave to amend.  Nor does Plaintiff state any claim for deliberate indifference as to his mental health condition.  He admits that he has been offered medication for his mental health problem, but that he refuses to take it.  The professional choice to treat his symptoms with medication rather than through other methods is a disagreement over the propriety of treatment that does not implicate the Eighth Amendment.  The same is true for the decision to treat Plaintiff's physical pain with pain pills—Plaintiff alleges his falls are caused by pain, not by a mechanical deficiency in his back—and the FAC is silent upon whether Plaintiff has been given pain medication, whether Plaintiff has refused it, or whether medication has failed to alleviate the pain.

The Court also notes that in order to hold a supervisory official such as a prison warden liable under § 1983, Plaintiff must allege, and later prove, that a specific policy instituted by that Defendant resulted in an unconstitutional deprivation, or that the Defendant ordered or instigated a particular event. *See Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012).  Under *Bell* and *Turner*, the no-cane policy is not a constitutional violation.  But Plaintiff might be able to state a claim if he can show that a supervisory defendant commanded, or instituted a policy resulting in, a total deprivation of appropriate pain medication or other necessary accommodations, as outlined above.

Finally, Plaintiff has asked the Court to command Defendants to transfer him to Northern Nevada Correctional Center, where Plaintiff believes a cane may be permitted.  The Court denies this motion, as he has not shown it is more likely than not that the harm cannot be alleviated locally, for example, by transfer to a handicapped cell at ESP and/or use of a wheelchair.

///
///
///
///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Amend (ECF No. 5) and the Motions for Screening Order (ECF Nos. 6, 7) are GRANTED.

IT IS FURTHER ORDERED that the Clerk shall DETACH and FILE the First Amended Complaint attached at ECF No 5-1.

IT IS FURTHER ORDERED that the First Amended Complaint is DISMISSED, with leave to amend the Eighth Amendment claim.

IT IS FURTHER ORDERED that the Motion for Preliminary Injunction (ECF No. 8) is DENIED.

IT IS SO ORDERED.

Dated this 12th day of February, 2014.

_____
ROBERT C. JONES
United States District Judge